IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN BOOREM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-0215-CV-W-ODS |
| ) | Crim. No. 94-00129-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF

Pending is Movant's request for postconviction relief pursuant to 28 U.S.C. § 2255. The motion is denied.

I. BACKGROUND

The parties have provided significant background details, most of which are not essential to determining the issues in this case. The salient facts are as follows: on June 3, 2003, Movant pleaded guilty to one count of money laundering and the Government dismissed three other charges of criminal conduct. Prior to sentencing (but after the plea was entered), Movant and the Government entered a stipulation (the "Sentencing Stipulation") regarding certain sentencing matters addressed in the Presentence Investigation Report, including the applicable sentencing range under the Sentencing Guidelines and that a fine in the amount of $125,000 would be imposed. Paragraph Seven of the Sentencing Stipulation provided as follows:

> The government agrees that venue over any future criminal or civil forfeiture actions does not rest in the Western District of Missouri. Consequently, the government will not pursue the civil or criminal forfeiture of the defendant's property in the Western District of Missouri.

Movant has completed his term of incarceration and paid the fine, and is now serving his term of Supervised Release.

In December 2006, the Government initiated a civil forfeiture action in this district captioned *United States v. Promissory Note Dated September 13, 2002*, which was assigned Case Number 06-0996-CV-W-FJG and assigned to the Honorable Fernando J. Gaitan, Jr., now the Chief Judge of this Court. In March 2007, Movant initiated the case at bar, alleging the Government breached the Sentencing Stipulation by seeking forfeiture of the promissory note in the Western District of Missouri. For relief, Movant sought an order that (1) vacates his conviction, (2) requires the Government to return the fine, and (3) requires the Government to dismiss the civil forfeiture action. Approximately three months later the parties to the civil forfeiture action reached a settlement that resolved that case by, essentially, agreeing to the forfeiture and an equal division of the proceeds between the Government and Movant. Paragraph Seven of the Settlement Agreement provides as follows:

> The United States and the Claimant Benjamin Boorem hereby release and forever discharge each other; their officers, agents, servants, and employees; and their heirs, successors, or assigns; from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which the United States and the Claimant Benjamin Boorem, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the forfeiture of the defendant property.

In September, Movant modified his request for relief in this case based on the settlement achieved in the forfeiture action by eliminating his request that the forfeiture action be dismissed. His request that the criminal conviction be vacated and the fine be remitted remain pending.

## II. DISCUSSION

Movant's claim for relief is predicated on principles relating to the binding effects of plea agreements. Strictly speaking, the agreement in question is not a plea agreement; it was an agreement regarding sentencing matters that was executed after Movant pleaded guilty. As discussed later this nuance affects the analysis, but the

Court will nonetheless proceed as if the legal principles governing plea agreements apply equally in this situation.

### A.

The Government first argues Movant cannot use a motion under 28 U.S.C. § 2255 to assert his claim. The Court disagrees. The Government offers no legal support for its position, and prior appellate opinions demonstrate a motion for postconviction relief is a viable vehicle for alleging the Government's breach of a plea agreement. United States v. Van Thornout, 100 F.3d 590, 594 (8th Cir. 1996) (citing cases).

### B.

As stated earlier, the Court will presume cases addressing the Government's breach of a plea agreement apply to this case. In addition, for the sake of argument the Court will presume the Government's filing of the civil forfeiture action breached the Sentencing Stipulation. Starting from these premises, the Court concludes Movant is not entitled to relief.

"A plea agreement is contractual in nature and generally governed by ordinary contract principles. [It] is more than merely a contract between two parties, however, and must be attended by constitutional safeguards to ensure a defendant receives the performance he is due." United States v. Britt, 917 F.2d 353, 360 (8th Cir. 1990), cert. denied, 498 U.S. 1090 (1991) (citations omitted). The Government's breach of a plea agreement not only implicates contractual and constitutional principles, but also principles related to the Government's honor and integrity. Van Thournout, 100 F.3d at 594.

There are two possible remedies that may be imposed when the Government breaches a plea agreement: ordering specific performance of the bargain or allowing the plea to be withdrawn. The decision as to which remedy should be ordered rests in the court's discretion, with specific performance being the favored remedy. Margalli-

Olvera v. INS, 43 F.3d 345, 354-55 (8th Cir. 1994); see also United States v. Fowler, 445 F.3d 1035, 1038 (8th Cir. 2006); Thornout, 100 F.3d at 594 (citing Margalli-Olvera); United States v. McGovern, 822 F.2d 739, 746 (8th Cir.), cert. denied, 484 U.S. 956 (1987).

Given the sequence of events, Movant's request for his guilty plea to be set aside is not justified. Movant's plea was not induced by the Government's agreement not to seek forfeitures in this district; the Government's agreement did not exist until after Movant entered his plea. Even if the plea agreement were regarded as a nullity, Movant's plea would still exist, and the interests of justice and fairness are not served by allowing Movant to withdraw his guilty plea.

Setting this issue aside, neither Movant's request that the fine be remitted nor his request that his plea be vacated are justified. Significant to this conclusion is the fact that the Sentencing Stipulation did not prohibit the Government from seeking forfeiture of Movant's property. Thus, Movant's loss of assets was not greater than the parties' contemplated, nor was it increased by the Government's breach. Movant's requested relief would have more credence if the parties contemplated the fine in lieu of forfeiture.

In reality, the Government essentially violated a forum selection clause. While the Court does not condone the Government's violation of any aspect of its agreements, the remedy must be commensurate with the violation. Here, forgiving and remitting the fine would be a disproportionate remedy for the Government's breach.

In these circumstances, the just remedy would have been the preferred remedy: specific performance. Such a remedy would have given effect to the parties' agreement, insured the Government's adherence to its agreements, and been commensurate with the nature of the breach at issue. Thus, the most relief Movant could have obtained in this case was an order requiring the Government to dismiss the civil forfeiture proceedings. As Movant concedes, this relief is no longer viable because he settled the forfeiture case; however, this was a product of his choice. Movant could have waited for either Judge Gaitan to rule on his motion to dismiss or for the undersigned to issue a ruling in this case; having pursued an alternative resolution, Movant cannot now obtain greater relief than he was entitled to.

4

C.

A separate basis for denying Movant's request for relief rests in the settlement reached in the civil forfeiture action. The parties agreed to release each other "from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, . . . claims, and/or demands whatsoever in law or equity" the parties had, have, or would have "in connection with the forfeiture of the defendant property." By agreeing to this provision, Movant surrendered the right to obtain relief in the case at bar.

This case certainly qualifies as a cause of action, suit or proceeding. This case is also connected to the forfeiture of property sought in Judge Gaitan's case; that forfeiture effort forms the very basis for the instant cause of action, suit or proceeding. The Court concludes relief in this case is barred by the settlement.

The same conclusion can be reached by focusing on a different aspect of the release: the one releasing the parties from "contracts . . . in connection with the forfeiture of the defendant property." The Sentencing Stipulation is such a contract; by releasing the Government from that contract with respect to the property sought to be forfeited, Movant surrendered the right to proceed in this case.

Movant contends the release has no bearing on this case because it does not specifically refer to this proceeding. The Court is not aware of any requirement that it refer to this proceeding in order to affect it. Certainly, either party could have made specific reference to this proceeding; the Government could have sought a clause clarifying this proceeding would be barred and Movant could have sought a clause clarifying this proceeding would not be barred. The absence of either sort of clause does not dictate whether the language actually employed applies to this matter – particularly when the language actually employed is broad enough to describe this case.

Movant also contends he does not seek an order regarding the property, but only seeks relief in the criminal case. This is significant, according to Movant, because the release only affects claims or actions seeking rights in the forfeited property. Movant is incorrect. Regardless of Movant's objective, the fact remains that (1) this case is connected to the forfeiture and (2) Movant also agreed to release the Government from

5

its contractual obligations with respect to the property. Nothing in the release limits its application to disputes over claims or actions seeking rights in the forfeited property; it applies broadly to claims or actions "in connection with" the property.

### III. CONCLUSION

In these circumstances, specific performance was the only relief Movant was entitled to for the Government's breach of the Sentencing Stipulation. Movant's assent to a settlement of the forfeiture action obviates the need for any such relief, and does not create a right to relief that would not otherwise have been available. Alternatively, Movant surrendered the right to seek relief for this breach by settling the forfeiture action. For these reasons, the motion for postconviction relief is denied.

IT IS SO ORDERED.

DATE: November 2, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT